prescribing the jurisdiction of the Court of Claims, this claim is especially excepted. The fourth sentence of the section provides:

"But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination."

By section 4, c. 413, p. 338, Laws 1897 ("State Finance Law"), it is provided:

"Sub. 2: The Controller is to keep, audit and state all accounts in which the state is interested, and keep accurate and proper books of account, showing their condition at all times."

"Sub. 4: Examine, audit and liquidate the claims of all persons against the state where payment thereof out of the treasury is provided by law."

We can see no answer to the state's contention that the claim contained in the claimant's first count is one of those excepted by the provision of the statute above quoted. It cannot matter whether the claim be required to be audited under a special or general statute. In either case the language of the exception is plain, and in our judgment clearly includes that part of the claimant's claim which is for moneys unpaid upon contract for work actually performed. As to the first claim, therefore, the judgment of dismissal was right. As to the second claim, it should be reversed and a new trial directed.

Judgment modified as per opinion, and, as modified, affirmed.

Judgment modified as per opinion, and, as modified, affirmed, with costs to appellant. All concur.

---

### CLEVELAND v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

TRIAL—IMPROPER REMARKS OF COUNSEL.

    In an action for injuries to personal property through a collision between defendant's car and a truck driven by plaintiff's servant, a statement of plaintiff's counsel, while the driver was being examined as a witness, that the witness had settled his case for injuries, made for the purpose of informing the jury that defendant had settled with the witness, was reversible error.

Appeal from Queens County Court.

Action by Annie Cleveland, doing business under the name of Cleveland & Son, against the New York & Queens County Railway Comaany. From the judgment, and from an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Van Vechten Veeder and Nathaniel S. Corwin, for appellant.
Louis Frankel, for respondent.

PER CURIAM. This action is brought to recover damages for injuries to property resulting from a collision between one of the defendant's cars and a loaded truck driven by the plaintiff's servant. The driver was called as a witness for the plaintiff, and during his examination the following colloquy took place:

"Q. How far was the car barn from where the accident happened? A. About a mile; maybe a little more.

"Plaintiff's Counsel: He settled his case.

"Defendant's Counsel: I object to that as improper, that remark.

"The Court: I think it is improper.

"Defendant's Counsel: And I ask your honor to tell this jury that they must disregard that remark.

"Plaintiff's Counsel: That remark was not made to the jury.

"Defendant's Counsel: I move for the withdrawal of a juror.

"The Court: Motion denied.

"Defendant's Counsel: Exception.

"The Court: Something has been said about this man being injured, and his counsel says that his claim was settled. That has nothing to do with this case, and should not have been mentioned.

"Plaintiff's Counsel: I am not his counsel, and never was his counsel.

"The Court: Well, the lawyer who is trying the case said so, and he should not have said so, and you must keep it out of your mind that he did say so, or that that fact happened."

We think it evident that the plaintiff's attorney deliberately made the statement for the purpose of informing the jury that the defendant had settled with the driver. Such conduct must not be suffered to pass unnoticed. The judgment is reversed.

Judgment and order of the County Court of Queens county reversed, and new trial ordered; costs to abide the event.